IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Glen Keith LaConey, | Civil Action No. 3:18-cv-850-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Alan McCrory Wilson; Kinli Abee; R. Knox McMahon; Jocelyn Newman, | |
| Defendants. | |

This matter is before the court on Plaintiff's complaint pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights in the state court where his criminal charges are being adjudicated. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On April 5, 2018, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice, and without issuance and service of process. ECF No. 7. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on April 13, 2018. ECF No. 10.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

After considering *de novo* the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation that the Complaint be dismissed.

In his Complaint, Plaintiff alleges he was arrested in Richland County on July 3, 2014, and charged with harassment and threatening the use of a destructive device against the Richland County Judicial Center. ECF No. 1 at 10[1]. Plaintiff was released on bond on October 3, 2014 and indicted on November 12, 2014. *Id.* Although trials were set for December 7, 2015 and May 31, 2016, neither occurred. Instead, the state requested a competency examination and this was granted on July 21, 2016. *Id.* Plaintiff's bond was revoked, and he submitted to a competency examination on August 1, 2016. After the examination, Plaintiff states the trial court refused to release him on bond, and did not set a competency hearing date. On May 22, 2017, Judge McMahon held a hearing on Plaintiff's *pro se* motion, relieved his defense counsel, and appointed new counsel. *Id.* at 12. On August 31, 2017, Judge Newman held a hearing on Plaintiff's motion for reinstatement of bond, which was denied.[2] *Id.* A competency hearing was held on February

---

[1] The page numbers cited correspond to the ones assigned at filing in the ECF system.

[2] Plaintiff alleges he has been improperly held without bond after his competency examination in 2016. *Id.* at 12.

2

2, 2018, and Plaintiff was found competent to stand trial. *Id.* at 14. A trial date was set for the week of June 11, 2018. *Id.*

Plaintiff filed a Petition for Original Jurisdiction and for Declaratory Judgment and Motion to Relieve Counsel in the South Carolina Supreme Court in January 2018. *Id.* at 13. The Supreme Court requested the State file a return, which it did on February 22, 2018, and, according to Plaintiff, the Petition was dismissed. *Id.* at 15.

Plaintiff lodges mostly factual objections to the Report, noting facts he alleges were left out of the Report and therefore "should be deemed admitted." ECF No. 9. He argues all judicial officers of the South Carolina Fifth Circuit trial court should be disqualified from his state court matter due to his alleged threat against the courthouse. *Id.* at 3. He contends the state trial court is violating his rights to Due Process and Equal Protection by refusing to order his release on bond following completion of his competency evaluation on August 1, 2016. *Id.* at 4-5. Regarding his claims, Plaintiff states he has alleged numerous civil rights allegations and seeks to dismiss his indictments, prevent his prosecution, and release from "unlawful detention." *Id.* He alleges he has suffered irreparable injury and has no adequate remedy at law in state court. He notes "[a]ll of the within matters were raised to the South Carolina Supreme Court No. 2018-000025." *Id.* Plaintiff contends the judicial officers of the state trial court should be disqualified, and thus are not protected by judicial immunity. *Id.* at 8.

The court finds Plaintiff's objections unavailing. The court has reviewed the facts as submitted by Plaintiff, who has alleged constitutional violations. However, relief for these alleged violations is not available in this court for the reasons stated by the Magistrate Judge. To the extent

Plaintiff seeks a writ of habeas corpus, he cannot obtain dismissal of an indictment or prevention of prosecution through these means. This court will not interfere with a state criminal prosecution due to the prohibition in *Younger v. Harris*, 401 U.S. 37 (1971). Although Plaintiff alleges he is unable to raise these issues in state court because his appointed counsel refuses to do so, and he cannot do so *pro se* due to the prohibition on hybrid representation, Plaintiff has in fact raised these issues at the state trial and appellate levels. To the extent Plaintiff seeks damages against the Defendants that is precluded by judicial and prosecutorial immunity.

Accordingly, the court adopts the Report by reference in this Order. Plaintiff's claims for equitable and injunctive relief are dismissed without prejudice. All claims for damages against Defendants are dismissed with prejudice because they are immune from suit.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 18, 2018