IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Glen Keith LaConey, | Civil Action No. 3:18-cv-850-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Alan McCrory Wilson; Kinli Abee; R. Knox McMahon; Jocelyn Newman, | |
| Defendants. | |

This matter is before the court on Plaintiff's motion to alter or amend and to reconsider the judgment dismissing his case, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 15. The challenged judgment, entered April 18, 2018, was based on the Order adopting the Report and Recommendation of the Magistrate Judge recommending dismissal of certain claims without prejudice and without issuance and service of process, and dismissal of claims for damages against all Defendants with prejudice. ECF Nos. 12 (Order), 13 (Judgment).

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used

sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

In the current motion, Plaintiff makes essentially the same arguments as in his previous filings: (1) "[w]hile Plaintiff concedes to the first two prongs of the *Younger*[1] test, Plaintiff opposes the third prong"; (2) "extraordinary circumstances" exist to relax the deference accorded to state legal process because the state court has "lost jurisdiction"; (3) the prosecutor Defendants are not protected by absolute immunity; and (4) judicial officers are not immune from suit because they acted without jurisdiction. ECF No. 15. Plaintiff does not allege an intervening change in law or new evidence not previously available, and appears to be proceeding under a theory of manifest injustice.

However, the court has already ruled upon the issues Plaintiff raises. The Order agreed with the Magistrate Judge *Younger* required abstention, and noted Plaintiff was able to raise his issues in both the state trial court and South Carolina Supreme Court. ECF Nos. 7, 12. As noted in the Order, hearings have been held before two different judges on competency and bond issues. ECF No. 12 at 2. Plaintiff's trial date is set for next month. *Id.* The court also found Plaintiff's

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny provide a Federal Court should abstain from interfering with state criminal proceedings unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. The test Plaintiff refers to holds abstention appropriate where "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

2

arguments regarding loss of jurisdiction unavailing. Disagreement with the court's previous rulings is not proper justification for a Rule 59(e) motion.

For the reasons above, Plaintiff's motion to alter or amend and to reconsider judgment under Fed. R. Civ. P. 59(e) is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
May 8, 2018